WILLIAM W. BLOCH, SBN 133139
LA SUPERLAWYERS INC.
5670 Wilshire Boulevard, Suite 1300
Los Angeles, CA 90036
Telephone: (310) 477-7767
lasuperlawyers@gmail.com

Attorneys for Defendant
JOHN B. BERZNER, an individual

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEC GLASSER, an individual; THE DRAKE IN LAGUNA, LLC, a California limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> JOHN B. BERZNER, an individual; and DOES 1-20, inclusive, <br><br> Defendants. | Case No. 8:21-CV-00661 <br><br> *[Removed from County of Orange, Central Justice Center; Case No.: 30-2020-01146408-CU-DF-CJC]* <br><br> DEFENDANT'S NOTICE OF REMOVAL <br><br> Action filed: May 26, 2020 (State) <br> Trial date: October 24, 2022 (None set in USDC) |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant John B. Berzner ("Defendant") hereby removes the above-referenced action from the Superior Court of the State of California in and for the County of Orange, Central Justice Center, to the United States District Court for the Central District of California asserting original jurisdiction under 28 U.S.C. § 1332(a)(1) (Diversity), and removal jurisdiction under 28 U.S.C. § 1441, based on diversity of citizen jurisdiction.

I.      BACKGROUND

1.      Plaintiffs Alec Glasser and The Drake in Laguna, LLC ("Plaintiffs") filed an action against Defendant on or around May 26, 2020 in the Superior Court for the County of Orange, Central Justice Center, case entitled: *Alec Glasser, et. al. v. John B. Berzner* and given case number 30-2020-01146408-CU-DF-CJC. On or around August 20, 2020, Plaintiffs filed a First Amended Complaint ("FAC") in this action (the "State Court Action").

2.      In their FAC, Plaintiffs purport to allege claims against Defendant for Libel, Intentional Interference with Prospective Economic Relations, and Negligent Interference with Prospective Economic Relations.

3.      As discussed in greater detail below, Defendant is a citizen of New York.

4.      On or about January 26, 2021, Judge Nathan Scott of the County of Orange, Central Justice Center, ordered that Plaintiffs may serve Defendant through publication of the summons and FAC in this action. This was ordered under the premise that publication is expected to give actual notice to the party to be served. A true and correct copy of the State Court Action's Docket is attached hereto as Exhibit A. A true copy of this Order for publication, dated January 26, 2021, is attached hereto as Exhibit B. A true and correct copy of the State Court Actions's Summons and First Amended Complaint are collectively attached hereto as Exhibit C.

5.      In their prayer for relief, Plaintiffs pray for judgement against Defendant for general damages in the amount of $200,000, special damages, punitive damages, compensatory damages, and requests injunctive relief against Defendant which would require Defendant to remove his Yelp review concerning Plaintiffs.

6.      Exhibit C constitutes all pleadings that were served via publication on Defendant in the State Court Action. Defendant had not been deemed served

1 via publication with these pleadings until 30 days after the 28 days that follow the

2 first day of publication. Thus, Defendant's response to the FAC would not be due

3 prior to March 26, 2021.

4     7.     On or around March 17, 2021, Plaintiff granted Defendant a 15-day

5 extension to respond to the instant Complaint, to and including April 9, 2021. See

6 Exhibit D hereto. Thus, this request for removal is timely.

7 II.     DIVERSITY JURISDICTION

8     8.     This Court has original jurisdiction under 28 U.S.C. § 1332 and

9 Defendant may remove it from state court to federal court pursuant to 28 U.S.C. §

10 1441 because it involves a controversy which exceeds the sum or value of

11 Seventy-Five Thousand Dollars ($75,000) and is between citizens of different

12 states.

13 III.     CITIZENSHIP OF THE PARTIES

14     A.     Plaintiffs' Citizenship

15     9.     Plaintiff Alec Glasser is an individual who resides in Laguna Beach,

16 Orange County, California. See FAC ¶ 1.Plaintiff The Drake in Laguna, LLC, is a

17 limited liability company formed under the laws of the state of California, with its

18 principal place of business in Laguna Beach, Orange County, California. See

19 FAC ¶ 2.

20     B.     Defendant's Citizenship

21     10.     As of the time this action was filed, and as of the time of removal,

22 Defendant is a citizen of New York, and the only named Defendant. There are no

23 defendants in this action that are citizens of California.

24     C.     Doe Defendants

25     11.     Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and

26 unknown defendants should be disregarded for purposes of establishing removal

27 jurisdiction under 28 U.S.C. § 1332. *Fristoe v. Reynolds Metals Co.*, (9th Cir.

28 1980) 615 F.2d 1209, 1213 (unnamed defendants are not required to join in a

DEFENDANT'S NOTICE OF REMOVAL

removal petition). Thus, the existence of Doe defendants one through 20 does not deprive this Court of jurisdiction.

## IV.    THIS APPLICATION FOR REMOVAL HAS BEEN TIMELY FILED

12.    Under 28 U.S.C. § 1446(b), there are "two thirty-day windows during which a case may be removed–during the first thirty days after the defendant receives the initial pleading or during the first thirty days after the defendant receives a paper 'from which it may first be ascertained that the case is one which is or has become removable' if 'the case stated by the initial pleading is not removable.'" *Harris v. Bankers Life & Cas. Co.*, (9th Cir. 2005) 425 F.3d 689, 692.

13.    As stated above in para. 7, Plaintiff granted Defendant an extension until April 9, 2021 to respond to Plaintiff's instant Complaint. Thus, this request for removal is timely.

## V.    VENUE

14.    Plaintiffs originally filed this action in the Superior Court for the County of Orange, Central Justice Center. The County of Orange lies within the jurisdiction of the United States District Court, Central District of California, Southern Division.

15.    Therefore, without waiving Defendant's right to challenge, among other things, personal jurisdiction, insufficient service of process, and/or venue by way of a motion or otherwise, venue lies in the Central District of this Court pursuant to 28 U.S.C. Sections 84(c), 1441(a), and 1446(a). This Court is the United States District Court for the district within which the State Court Action is pending. Thus, venue lies in this Court pursuant to 28 U.S.C. § 1441(a).

## VI.    ALL NECESSARY PARTIES HAVE JOINED IN THIS REMOVAL

16.    As noted above, Defendant has become aware or the court order re publication of the Complaint, the Summons, and other documents in this action.

1 Defendant's appearance prior to April 9, 2021 makes the instant removal
2 effective and timely. See Exhibit D.

3     17.   Defendant is unaware of any other defendant that exists and who has
4 been named in the Complaint, or who has been served with a summons and the
5 Complaint. The only defendants named in Plaintiffs' Complaint are John B.
6 Berzner, and fictitiously named Doe defendants whose presence is disregarded for
7 purposes of removal.

8 VII.   NOTICE OF REMOVAL

9     18.   This Notice of Removal will be promptly served on Plaintiffs and
10 filed with the Clerk of the Superior Court of the State of California in and for the
11 County of Orange, Central Justice Center.

12    19.   In compliance with 28 U.S.C. § 1446(a), true and correct copies of
13 all "process, pleadings, and orders served" upon or by Defendant in this action
14 are attached hereto as Exhibit C.

15    20.   This Notice is signed pursuant to Rule 11, Fed. R. Civ. P., as
16 required by 28 U.S.C. § 1446(a).

17     WHEREFORE, having provided notice as is required by law, Defendant
18 requests the above entitled action pending before the Superior Court of the state
19 of California for the County of Orange, Central Justice Center, be removed to the
20 United States District Court for the Central District of California, Southern
21 Division

22 DATED: April $\underline{5}$, 2021          LA SUPERLAWYERS INC.

23
                                    By _____
24
                                        William W. Bloch
25                                      Attorneys for Defendant
26                                      JOHN B. BERZNER

27

28

-5-

Exhibit A

Case Summary:

| Case Id: | 30-2020-01146408-CU-DF-CJC |
|---|---|
| Case Title: | ALEC GLASSER VS. JOHN B BERZNER |
| Case Type: | DEFAMATION |
| Filing Date: | 05/26/2020 |
| Category: | CIVIL - UNLIMITED |

Register Of Actions:

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 1 | E-FILING TRANSACTION 2913518 RECEIVED ON 05/26/2020 04:18:50 PM. | 07/02/2020 | | *NV* | |
| 2 | COMPLAINT FILED BY GLASSER, ALEC; THE DRAKE IN LAGUNA, LLC ON 05/26/2020 | 05/26/2020 | | 7 pages | ☐ |
| 3 | CIVIL CASE COVER SHEET FILED BY GLASSER, ALEC; THE DRAKE IN LAGUNA, LLC ON 05/26/2020 | 05/26/2020 | | 2 pages | ☐ |
| 4 | SUMMONS ISSUED AND FILED FILED BY GLASSER, ALEC; THE DRAKE IN LAGUNA, LLC ON 05/26/2020 | 05/26/2020 | | 1 pages | ☐ |
| 5 | PAYMENT RECEIVED BY ONELEGAL FOR 194 - COMPLAINT OR OTHER 1ST PAPER IN THE AMOUNT OF 435.00, TRANSACTION NUMBER 12748249 AND RECEIPT NUMBER 12574671. | 07/02/2020 | | 1 pages | |
| 6 | CASE ASSIGNED TO JUDICIAL OFFICER SCOTT, NATHAN ON 05/26/2020. | 05/26/2020 | | 1 pages | |
| 7 | MANDATORY SETTLEMENT CONFERENCE SCHEDULED FOR 09/23/2022 AT 09:00:00 AM IN C15 AT CENTRAL JUSTICE CENTER. | 07/28/2020 | | 2 pages | |
| 8 | JURY TRIAL SCHEDULED FOR 10/24/2022 AT 09:00:00 AM IN C15 AT CENTRAL JUSTICE CENTER. | 07/28/2020 | | 2 pages | |
| 9 | E-FILING TRANSACTION 2933047 RECEIVED ON 08/20/2020 12:36:05 PM. | 10/06/2020 | | *NV* | |
| 10 | AMENDED COMPLAINT (FIRST) FILED BY GLASSER, ALEC; THE DRAKE IN LAGUNA, LLC ON 08/20/2020 | 08/20/2020 | | 7 pages | ☐ |
| 11 | E-FILING TRANSACTION 41123849 RECEIVED ON 10/15/2020 11:06:58 AM. | 10/15/2020 | | *NV* | |
| 12 | PROOF OF SERVICE OF SUMMONS FILED BY GLASSER, ALEC ON 10/15/2020 | 10/15/2020 | | 3 pages | ☐ |
| 13 | E-FILING TRANSACTION NUMBER 41123898 REJECTED. | 11/23/2020 | | 1 pages | ☐ |
| 14 | PROPOSED ORDER RECEIVED ON 01/21/2021 | 01/21/2021 | | 3 pages | ☐ |
| 15 | E-FILING TRANSACTION 1805397 RECEIVED ON 01/21/2021 05:38:56 PM. | 01/26/2021 | | *NV* | |
| 16 | EX PARTE APPLICATION - OTHER FILED BY GLASSER, ALEC; THE DRAKE IN LAGUNA, LLC ON 01/21/2021 | 01/21/2021 | | 54 pages | ☐ |
| 17 | PROPOSED ORDER (COVER SHEET) (ELECTRONIC FILING) FILED BY GLASSER, ALEC; THE DRAKE IN LAGUNA, LLC ON 01/21/2021 | 01/21/2021 | | 4 pages | ☐ |
| 18 | PAYMENT RECEIVED BY ONELEGAL FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 60.00, TRANSACTION NUMBER 12836378 AND RECEIPT NUMBER 12663797. | 01/26/2021 | | 1 pages | ☐ |
| 19 | EX PARTE SCHEDULED FOR 01/26/2021 AT 01:30:00 PM IN C15 AT CENTRAL JUSTICE CENTER. | 01/26/2021 | | *NV* | |
| 20 | E-FILING TRANSACTION 41151577 RECEIVED ON 01/21/2021 05:38:52 PM. | 01/26/2021 | | *NV* | |
| 21 | ORDER - OTHER FILED BY THE SUPERIOR COURT OF ORANGE ON 01/26/2021 | 01/26/2021 | | 2 pages | ☐ |

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 22 | MINUTES FINALIZED FOR EX PARTE 01/26/2021 01:30:00 PM. | 01/26/2021 | | 1 pages | ☐ |
| 23 | CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | 01/26/2021 | | 2 pages | ☐ |
| 24 | E-FILING TRANSACTION 3984526 RECEIVED ON 02/25/2021 09:34:45 AM. | 02/25/2021 | | *NV* | |
| 25 | AFFIDAVIT - OTHER FILED BY GLASSER, ALEC ON 02/25/2021 | 02/25/2021 | | 1 pages | ☐ |

Participants:

| Name | Type | Assoc | Start Date | End Date |
|---|---|---|---|---|
| JOHN B BERZNER | DEFENDANT | | 07/02/2020 | |
| THE DRAKE IN LAGUNA, LLC | PLAINTIFF | | 07/02/2020 | |
| BORCHARD & CALLAHAN, APC | ATTORNEY | | 07/02/2020 | |
| ALEC GLASSER | PLAINTIFF | | 07/02/2020 | |
| JOHN B. BERZNER | DEFENDANT | | 07/02/2020 | |

Hearings:

| Description | Date | Time | Department | Judge |
|---|---|---|---|---|
| JURY TRIAL | 10/24/2022 | 09:00 | C15 | SCOTT |
| MANDATORY SETTLEMENT CONFERENCE | 09/23/2022 | 09:00 | C15 | SCOTT |

Print this page

# Exhibit B



1  Thomas J. Borchard, Esq., SBN: 104008
2  *tborchard@borchardlaw.com*
   Frank Mickadeit, Esq. SBN: 293520
3  *fmickadeit@borchardlaw.com*
   BORCHARD & CALLAHAN, APC
4  25909 Pala, Suite 300
   Mission Viejo, CA 92691
5  Telephone: (949) 457-9505

6

7  Attorneys for Plaintiffs Alec Glasser and
   The Drake in Laguna, LLC

8

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

JAN 2 6 2021

DAVID H. YAMASAKI, Clerk of the Court

BY: _____, DEPUTY

9           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10     **IN AND FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

11

12  ALEC GLASSER, an individual; THE
    DRAKE IN LAGUNA, LLC, a California
13  limited liability company,

14     Plaintiffs,

15  v.

16

17  JOHN B. BERZNER, an individual; and
    DOES 1-20, inclusive,

18  Defendants.

19

Case No.: 30-2020-01146408-CU-DF-CJC

Assigned for all purposes to: Judge Nathan Scott
Department C15

**[PROPOSED] ORDER ON APPLICATION
FOR PUBLICATION OF SUMMONS**

**Complaint filed:  May 26, 2020**
**Trial date:        October 24, 2022**

20

21

22

23

24

25

26

27

28

1
[PROPOSED] ORDER

1    Plaintiffs Alec Glasser and The Drake in Laguna, LLC's Application for Order for Publication

2 of Summons came on for hearing before Department C15 of the above-entitled Court on January 26,

3 2021 at 1:30 p.m., the Honorable Nathan Scott, judge, presiding.  Frank Mickadeit, Esq. appeared on

4 behalf of the plaintiffs.  After reading the application and supporting documentation, the Court rules as

5 follows:

6    IT IS ORDERED that service of the summons in this action against John B. Berzner shall be

7 published in the Los Angeles Daily Journal, which is most likely to give actual notice to the party to be

8 served.  A copy of the summons, the complaint, and the order for publication is to be mailed forthwith

9 to the party if his or her address is ascertained before expiration of the time prescribed for publication

10 of the summons.

11

12

13 DATED:        JAN 2 6 2021        By: _____

14                                                     JUDGE OF THE SUPERIOR COURT

15                                                         Judge Nathan Scott

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER

Exhibit C

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

JOHN B. BERZNER, an individual; and DOES 1-20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ALEC GLASSER, an individual; THE DRAKE IN LAGUNA, LLC, a
California limited liability company,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Orange County Superior Court

700 Civic Center West, Santa Ana, CA 92701
Central Justice Center

| CASE NUMBER:<br>*(Número del Caso):* |
|---|
| 30-2020-01146408-CU-DF-CJC |
| Judge Nathan Scott |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Thomas J. Borchard, Frank Mickadeit; 25909 Pala, Suite 300, Mission Viejo, CA 92691, Tel. (949) 457-9505

| DATE:<br>*(Fecha)* 05/26/2020 | DAVID H. YAMASAKI, Clerk of the Court | Clerk, by<br>*(Secretario)* | Omar Saldivar | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Thomas J. Borchard, Esq., SBN: 104008
*tborchard@borchardlaw.com*
Frank Mickadeit, Esq. SBN: 293520
*fmickadeit@borchardlaw.com*
BORCHARD & CALLAHAN, APC
25909 Pala, Suite 300
Mission Viejo, CA 92691
Telephone: (949) 457-9505

Attorneys for Plaintiffs Alec Glasser and
The Drake in Laguna, LLC

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# IN AND FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| | |
|---|---|
| ALEC GLASSER, an individual; THE DRAKE IN LAGUNA, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN B. BERZNER, an individual; and DOES 1-20, inclusive,<br><br>Defendants. | Case No.: 30-2020-01146408-CU-DF-CJC<br><br>*Assigned for all purposes to: Judge Nathan Scott Department C15*<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1. **LIBEL**<br>2. **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS**<br>3. **NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS**<br><br>**Complaint filed:** May 26, 2020<br>**Trial date:**       October 24, 2022<br><br>**Jury trial demanded.** |

Plaintiffs allege:

1.     Plaintiff Alec Glasser ("Glasser") is an individual who resides in Laguna Beach, Orange County, California.  Glasser has at all times enjoyed a good reputation both generally and within his occupation.

2.     Plaintiff The Drake in Laguna, LLC ("The Drake"), is a limited liability company formed under the laws of the state of California, with its principal place of business in Laguna Beach, Orange County, California.

3.     Plaintiffs are informed and believe and thereon allege that defendant John B. Berzner is an individual who resides in the city of Los Angeles, Los Angeles County, California.

4.     Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES 1-20, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.

5.     This is a civil action seeking damages and injunctive relief under the common law.  This Court has subject matter jurisdiction as the aggregate amount of claims exceeds $25,000, and personal jurisdiction over defendant under Code of Civil Procedure section 410.10 in that Defendant resides in the State of California, or otherwise has the requisite minimum contacts with the state as to justify this Court exercising jurisdiction over him.  Venue is proper in Orange County in that Defendant's tortious interference with economic relationships has impacted a business located in Orange County.

6.     The Drake is the owner of an upscale, stylish jazz supper club of the same name, located in Laguna Beach, California.  The Drake is known for its award-winning chef and highly professional live music.  The Drake is specifically described as "where great food meets great music."  Glasser is the managing member of The Drake and owns an interest therein.  Glasser and The Drake restaurant have always enjoyed a good reputation.

7.     In 2017, Glasser sued Defendant in Orange County Superior Court for fraud and common counts related to money that Glasser had lent Defendant to pay for Defendant's daughter's tuition at the University of Southern California.[1]  The lawsuit resulted in a settlement in June 2018 by which Defendant paid Glasser $50,000.

---

[1] *Glasser v. Berzner*, Orange County Superior Court case number 30-2017-00904086-CU-FR-CJC.

FAC

8.      The parties never communicated thereafter until in or around January 2020 but in no case later than January 30, 2020, when Defendant unexpectedly visited The Drake one evening. Upon entering the establishment, Defendant announced himself to the receptionist as "the dead friend of the owner." During the course of his approximately two-hour stay, Defendant ordered no food, only alcoholic beverages, and approached numerous women while sitting exclusively in the bar/lounge area of the restaurant. During the course of his visit, he acted in an inappropriate, boorish, and drunken manner to both customers and restaurant staff and finally had to be asked to leave. Plaintiffs are informed and believe that Defendant has been asked to leave other public and private establishments in the past for similar conduct. Plaintiffs are further informed and believe that Defendant has been asked to resign his membership in certain establishments for such conduct. Upon exiting The Drake, Defendant loudly stated, "Great concept, and congratulations on your apparent success."

9.      On or about January 30, 2020, Defendant, posting under the alias "John B.," published the following on the Yelp.com website:

> "Great concept but poorly executed. Egotistical[,] condescending attitude from what appeared to be the owner[,] whose[sic] some old dude who was strutting around like a pompous jerk who thinks that he's cool. Tragically pathetic. Food was ok but way overpriced. The singer was straight out of the wedding & Bar Mitzvah scene."

10.     The foregoing statements ("Defamatory Statements") are provably false in the following respects and are not protected speech: 1. At no time did Glasser display an "egotistical[,] condescending attitude." 2. At no time was Glasser "strutting around like a pompous jerk who thinks he's cool." 3. At no time did Glasser display any behavior that was "pathetic." 4. In fact, at no time did Defendant even see Glasser that evening at The Drake except very briefly when Defendant was asked to leave because of his inappropriate conduct.

11.     These statements posted on Yelp.com were seen and read by hundreds if not thousands of customers and prospective customers of The Drake, as well as friends and colleagues of Glasser, who has a large real estate investment business in addition to his restaurant business.

12.     In or around April 6, 2020, Glasser caused to be sent to Defendant by certified mail a

demand that Defendant remove the Defamatory Statements from Yelp.com and post an apology in their place. Defendant failed to do so or to respond in any way, and this complaint follows.

## First Cause of Action

## Libel

### (By Glasser against Defendant)

13.     Plaintiffs incorporate preceding paragraphs 1 through 11 as though set forth fully herein.

14.     On or about January 30, 2020, Defendant published the Defamatory Statements regarding the "owner" of the The Drake as set forth more fully above.

15.     The publication of the Defamatory Statements regarding "the owner" were made of and concerning Glasser and was so understood by those who read the publication.

16.     The Defamatory Statements are false.

17.     The Defamatory Statements, and each of them, are libelous on their face in that they expose Glasser to hatred, contempt, ridicule, and obloquy. Further, such statements have a tendency to injure Glasser in his occupation because an owner/host's personality toward, and in the presence of, patrons has a significant effect on whether the patron has a positive experience at the establishment. Defendant's statements regarding Glasser were not only made about Glasser as an individual, but they were made in the context in which he performs his job.

18.     The Defamatory Statements were seen and read by, among others, the people who reside within the area from which The Drake draws customers.

19.     As a proximate result of the above-described publication, Glasser has suffered loss of his reputation, shame, mortification, and hurt feelings all to his general damage.

20.     As a further proximate result of the above-described publication, Glasser has suffered the following special damages: injury to his businesses, profession, and occupation, all to his injury.

21.     The above-described publication was published by Defendant with malice based not on the truth but upon his personal animus toward Glasser because (1) Glasser had previously sued him for fraud and he was forced to pay Glasser $50,000 to settle the matter; (2) Defendant's aggressively flirtatious and unwanted behavior toward women at The Drake was interfered with; and (3) Defendant was asked to leave The Drake based upon the conduct described herein. Thus, Glasser is entitled to

punitive damages.

## Second Cause of Action

## Intentional Interference with Prospective Economic Relations

## (By The Drake against Defendant)

22.     Plaintiffs incorporate preceding paragraphs 1 through 20 as though set forth fully herein.

23.     At the time Defendant made the Defamatory Statements, The Drake had the probability of future economic relations with would-be patrons who read reviews on the Yelp.com website.

24.     Defendant knew of this this probable economic relationship.

25.     Defendant committed a wrongful act intended to disrupt the relationship in that he published the Defamatory Statements on the Yelp.com website.

26.     Defendant's wrongful act in fact did disrupt the relationship between The Drake and would-be patrons.

27.     Defendant's wrongful act was the proximate cause of economic harm to The Drake because of the loss of business of would-be patrons who read the Defamatory Statements.

28.     In committing such an intentional act of interference, Defendant was acting with malice toward an owner of The Drake with the full knowledge of the probable consequences of his actions, such that The Drake is entitled to punitive damages.

## Third Cause of Action

## Negligent Interference with Prospective Economic Relations

## (By The Drake against Defendant)

29.     Plaintiffs incorporate preceding paragraphs 1 through 27 as though set forth fully herein.

30.     At the time Defendant made the Defamatory Statements, The Drake had the probability of future economic relations with would-be patrons who read reviews on the Yelp.com website.

31.     Defendant knew of this this probable economic relationship.

32.     Defendant owed The Drake a duty not to publish falsehoods that would affect The Drake's business.

33.     Defendant committed a negligent act in that he published the Defamatory Statements on the Yelp.com website.

34.     Defendant's negligent act in fact did disrupt the relationship between The Drake and would-be patrons.

35.     Defendant's negligent act was the proximate cause of economic harm to The Drake because of the loss of business of would-be patrons who read the Defamatory Statements.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs prays for judgment as follows:

On the First Cause of Action:

1.   For general damages in the amount of $200,000;

2.   For special damages in an amount to be proven at trial;

3.   For punitive damages;

On the Second Cause of Action:

4.   For compensatory damages;

5.   For punitive damages

On the Third Cause of Action:

6.   For compensatory damages;

On all causes of action:

7.   For injunctive relief requiring Defendant to remove each and every defamatory review published about Plaintiffs from the Yelp.com website and in any other medium; and to prohibit Defendant from continuing to defame Plaintiffs in the manner complained to herein.

8.   For interest at the legal rate;

9.   For costs of suit; and

///

///

///

///

///

///

///

1      10. For such other and further relief as the Court may deem just and proper.

2

3                                              BORCHARD & CALLAHAN, APC

4

5    DATED: August 20, 2020              By: _____

6                                              Thomas J. Borchard, Esq.
                                               Frank Mickadeit, Esq.
7                                              Attorneys for Plaintiffs

8

9

10                             **DEMAND FOR JURY TRIAL**

11        Plaintiffs hereby demand a trial by jury.

12                                             BORCHARD & CALLAHAN, APC

13

14   DATED: August 20, 2020              By: _____

15                                             Thomas J. Borchard, Esq.
                                               Frank Mickadeit, Esq.
16                                             Attorneys for Plaintiffs

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit D

**SuperLawyers Inc.**
— A Law Firm —

William W. Bloch

Sanford Jossen
Paul J. Cohen
of counsel

5670 Wilshire Boulevard
Suite 1300
Los Angeles,  California 90036

Telephone
(310) 477-7767
Facsimile
(310) 550-6798
E-mail
lasuperlawyers@gmail.com

March 17, 2021

<u>VIA EMAIL ONLY</u>

Borchard & Callahan, APC
Thomas J. Borchard, Esq.
Frank Mickadeit, Esq.
25909 Pala, Suite 300
Mission Viejo, CA 92691
tborchard@borchardlaw.com
fmickadeit@borchardlaw.com

Re:    <u>Glasser, et al.  v. Berzner; Case No: 30-2020-01146408-CU-DF-CJC</u>

Dear Counsel:

Following up on our phone call earlier today, this letter confirms that you granted Defendant a fifteen day extension, to an including April 9, 2021, to file a response to the Complaint in the above-referenced action

Thank you for your professional courtesy.

Very truly yours,

LA SuperLawyers Inc.

William W. Bloch

WWB/ats
cc: Client
     Karla Garcia