Case 8:21-cv-00661 Document 1-2 Filed 04/09/21 Page 2 of 720 Page ID #:24
Electronically Filed by Superior Court of California, County of Orange, 04/09/2021 ...
30-2020-01146408-CU-DF-CJC - ROA # 10 - DAVID H. YAMASAKI, Clerk of the Court By Richard Clark, Deputy Clerk.

Thomas J. Borchard, Esq., SBN: 104008
*tborchard@borchardlaw.com*
Frank Mickadeit, Esq. SBN: 293520
*fmickadeit@borchardlaw.com*
BORCHARD & CALLAHAN, APC
25909 Pala, Suite 300
Mission Viejo, CA 92691
Telephone: (949) 457-9505

Attorneys for Plaintiffs Alec Glasser and
The Drake in Laguna, LLC

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| | |
|---|---|
| ALEC GLASSER, an individual; THE DRAKE IN LAGUNA, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN B. BERZNER, an individual; and DOES 1-20, inclusive,<br><br>Defendants. | Case No.: 30-2020-01146408-CU-DF-CJC<br><br>*Assigned for all purposes to: Judge Nathan Scott Department C15*<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1. **LIBEL**<br>2. **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS**<br>3. **NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS**<br><br>**Complaint filed:** May 26, 2020<br>**Trial date:** October 24, 2022<br><br>**Jury trial demanded.** |

1
FAC

Plaintiffs allege:

1. Plaintiff Alec Glasser ("Glasser") is an individual who resides in Laguna Beach, Orange County, California. Glasser has at all times enjoyed a good reputation both generally and within his occupation.

2. Plaintiff The Drake in Laguna, LLC ("The Drake"), is a limited liability company formed under the laws of the state of California, with its principal place of business in Laguna Beach, Orange County, California.

3. Plaintiffs are informed and believe and thereon allege that defendant John B. Berzner is an individual who resides in the city of Los Angeles, Los Angeles County, California.

4. Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES 1-20, inclusive, and therefore sues these defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.

5. This is a civil action seeking damages and injunctive relief under the common law. This Court has subject matter jurisdiction as the aggregate amount of claims exceeds $25,000, and personal jurisdiction over defendant under Code of Civil Procedure section 410.10 in that Defendant resides in the State of California, or otherwise has the requisite minimum contacts with the state as to justify this Court exercising jurisdiction over him. Venue is proper in Orange County in that Defendant's tortious interference with economic relationships has impacted a business located in Orange County.

6. The Drake is the owner of an upscale, stylish jazz supper club of the same name, located in Laguna Beach, California. The Drake is known for its award-winning chef and highly professional live music. The Drake is specifically described as "where great food meets great music." Glasser is the managing member of The Drake and owns an interest therein. Glasser and The Drake restaurant have always enjoyed a good reputation.

7. In 2017, Glasser sued Defendant in Orange County Superior Court for fraud and common counts related to money that Glasser had lent Defendant to pay for Defendant's daughter's tuition at the University of Southern California.[1] The lawsuit resulted in a settlement in June 2018 by which Defendant paid Glasser $50,000.

---

[1] *Glasser v. Berzner*, Orange County Superior Court case number 30-2017-00904086-CU-FR-CJC.

8. The parties never communicated thereafter until in or around January 2020 but in no case later than January 30, 2020, when Defendant unexpectedly visited The Drake one evening. Upon entering the establishment, Defendant announced himself to the receptionist as "the dead friend of the owner." During the course of his approximately two-hour stay, Defendant ordered no food, only alcoholic beverages, and approached numerous women while sitting exclusively in the bar/lounge area of the restaurant. During the course of his visit, he acted in an inappropriate, boorish, and drunken manner to both customers and restaurant staff and finally had to be asked to leave. Plaintiffs are informed and believe that Defendant has been asked to leave other public and private establishments in the past for similar conduct. Plaintiffs are further informed and believe that Defendant has been asked to resign his membership in certain establishments for such conduct. Upon exiting The Drake, Defendant loudly stated, "Great concept, and congratulations on your apparent success."

9. On or about January 30, 2020, Defendant, posting under the alias "John B.," published the following on the Yelp.com website:

> "Great concept but poorly executed. Egotistical[,] condescending attitude from what appeared to be the owner[,] whose[sic] some old dude who was strutting around like a pompous jerk who thinks that he's cool. Tragically pathetic. Food was ok but way overpriced. The singer was straight out of the wedding & Bar Mitzvah scene."

10. The foregoing statements ("Defamatory Statements") are provably false in the following respects and are not protected speech: 1. At no time did Glasser display an "egotistical[,] condescending attitude." 2. At no time was Glasser "strutting around like a pompous jerk who thinks he's cool." 3. At no time did Glasser display any behavior that was "pathetic." 4. In fact, at no time did Defendant even see Glasser that evening at The Drake except very briefly when Defendant was asked to leave because of his inappropriate conduct.

11. These statements posted on Yelp.com were seen and read by hundreds if not thousands of customers and prospective customers of The Drake, as well as friends and colleagues of Glasser, who has a large real estate investment business in addition to his restaurant business.

12. In or around April 6, 2020, Glasser caused to be sent to Defendant by certified mail a

3
FAC

demand that Defendant remove the Defamatory Statements from Yelp.com and post an apology in their place. Defendant failed to do so or to respond in any way, and this complaint follows.

### First Cause of Action

### Libel

### (By Glasser against Defendant)

13. Plaintiffs incorporate preceding paragraphs 1 through 11 as though set forth fully herein.

14. On or about January 30, 2020, Defendant published the Defamatory Statements regarding the "owner" of the The Drake as set forth more fully above.

15. The publication of the Defamatory Statements regarding "the owner" were made of and concerning Glasser and was so understood by those who read the publication.

16. The Defamatory Statements are false.

17. The Defamatory Statements, and each of them, are libelous on their face in that they expose Glasser to hatred, contempt, ridicule, and obloquy. Further, such statements have a tendency to injure Glasser in his occupation because an owner/host's personality toward, and in the presence of, patrons has a significant effect on whether the patron has a positive experience at the establishment. Defendant's statements regarding Glasser were not only made about Glasser as an individual, but they were made in the context in which he performs his job.

18. The Defamatory Statements were seen and read by, among others, the people who reside within the area from which The Drake draws customers.

19. As a proximate result of the above-described publication, Glasser has suffered loss of his reputation, shame, mortification, and hurt feelings all to his general damage.

20. As a further proximate result of the above-described publication, Glasser has suffered the following special damages: injury to his businesses, profession, and occupation, all to his injury.

21. The above-described publication was published by Defendant with malice based not on the truth but upon his personal animus toward Glasser because (1) Glasser had previously sued him for fraud and he was forced to pay Glasser $50,000 to settle the matter; (2) Defendant's aggressively flirtatious and unwanted behavior toward women at The Drake was interfered with; and (3) Defendant was asked to leave The Drake based upon the conduct described herein. Thus, Glasser is entitled to

punitive damages.

## Second Cause of Action

## Intentional Interference with Prospective Economic Relations

## (By The Drake against Defendant)

22. Plaintiffs incorporate preceding paragraphs 1 through 20 as though set forth fully herein.

23. At the time Defendant made the Defamatory Statements, The Drake had the probability of future economic relations with would-be patrons who read reviews on the Yelp.com website.

24. Defendant knew of this this probable economic relationship.

25. Defendant committed a wrongful act intended to disrupt the relationship in that he published the Defamatory Statements on the Yelp.com website.

26. Defendant's wrongful act in fact did disrupt the relationship between The Drake and would-be patrons.

27. Defendant's wrongful act was the proximate cause of economic harm to The Drake because of the loss of business of would-be patrons who read the Defamatory Statements.

28. In committing such an intentional act of interference, Defendant was acting with malice toward an owner of The Drake with the full knowledge of the probable consequences of his actions, such that The Drake is entitled to punitive damages.

## Third Cause of Action

## Negligent Interference with Prospective Economic Relations

## (By The Drake against Defendant)

29. Plaintiffs incorporate preceding paragraphs 1 through 27 as though set forth fully herein.

30. At the time Defendant made the Defamatory Statements, The Drake had the probability of future economic relations with would-be patrons who read reviews on the Yelp.com website.

31. Defendant knew of this this probable economic relationship.

32. Defendant owed The Drake a duty not to publish falsehoods that would affect The Drake's business.

33. Defendant committed a negligent act in that he published the Defamatory Statements on the Yelp.com website.

34. Defendant's negligent act in fact did disrupt the relationship between The Drake and would-be patrons.

35. Defendant's negligent act was the proximate cause of economic harm to The Drake because of the loss of business of would-be patrons who read the Defamatory Statements.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs prays for judgment as follows:

On the First Cause of Action:

1. For general damages in the amount of $200,000;

2. For special damages in an amount to be proven at trial;

3. For punitive damages;

On the Second Cause of Action:

4. For compensatory damages;

5. For punitive damages

On the Third Cause of Action:

6. For compensatory damages;

On all causes of action:

7. For injunctive relief requiring Defendant to remove each and every defamatory review published about Plaintiffs from the Yelp.com website and in any other medium; and to prohibit Defendant from continuing to defame Plaintiffs in the manner complained to herein.

8. For interest at the legal rate;

9. For costs of suit; and

///

///

///

///

///

///

///

10. For such other and further relief as the Court may deem just and proper.

BORCHARD & CALLAHAN, APC

DATED: August 20, 2020        By: _____
                                  Thomas J. Borchard, Esq.
                                  Frank Mickadeit, Esq.
                                  Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

BORCHARD & CALLAHAN, APC

DATED: August 20, 2020        By: _____
                                  Thomas J. Borchard, Esq.
                                  Frank Mickadeit, Esq.
                                  Attorneys for Plaintiffs