## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-661 JVS (DFMx) | Date | June 23, 2021 |

| | |
|---|---|
| Title | Alec Glasser v. John B. Berzner |

| | |
|---|---|
| Present: The Honorable | **James V. Selna, U.S. District Court Judge** |

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] Order Regarding Motion to Dismiss**

Defendant John B. Berzner ("Berzner") filed a motion to dismiss. Mot., Dkt. No. 10. Plaintiffs Alec Glasser ("Glasser") and The Drake in Laguna, LLC ("The Drake") (together, "plaintiffs") opposed. Opp'n., Dkt. No. 11. Berzner replied. Reply, Dkt. No. 14.

For the following reasons, the Court **DENIES** the motion.

### I. BACKGROUND

The following facts are alleged in Plaintiffs' first amended complaint ("FAC").

Glasser resides in Laguna Beach, Orange County, California. FAC, Dkt. No. 10 ¶ 1. The Drake is an upscale, stylish jazz supper club, known for its award-winning chef and live music. Id. ¶ 6. Berzner and Glasser have known each other for many years. Id. ¶ 7. In 2017, Glasser sued Berzner to recover money that Glasser lent Berzner to pay for his daughter's tuition at the University of Southern California. Id. ¶ 7. The lawsuit ended in a settlement in June 2018, and Berzner was ordered to pay Glasser $50,000. Id. ¶ 7.

In January 2020, Berzner visited The Drake. Id. ¶ 8. Berzner ordered alcoholic beverages but no food over the course of his nearly two-hour visit. Id. He never left the bar/lounge area, and after making inappropriate comments to female patrons and restaurant staff, he was asked to leave. Id. Berzner complied and said, "[g]reat concept,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 21-661 JVS (DFMx)          Date   October 26, 2020

Title      Alec Glasser v. John B. Berzner

and congratulations on your apparent success" as he left. Id. Berzner published a review on Yelp.com on January 30, 2020, which read:

> "Great concept but poorly executed. Egotistical[,] condescending attitude from what appeared to be the owner[,] whose [sic] some old dude who was  strutting around like a pompous jerk who thinks that he's cool. Tragically pathetic. Food was ok but way overpriced. The singer was straight out of the wedding & Bar Mitzvah scene." Id. ¶ 9.

Glasser alleges that the Yelp review is defamatory because the statements are provably false. Id. ¶ 10. Glasser further alleges that this Yelp review was read by hundreds if not thousands of customers, both current and prospective, as well as friends of Glasser, causing him to suffer loss of reputation, shame, mortification and hurt feelings. Id. ¶ 19. Additionally, he suffered injury to his business, profession, and occupation. Id. ¶ 20.

Plaintiffs filed suit against Berzner for libel, intentional interference with prospective economic relations, and negligent interference with prospective economic relations. Id. ¶ 12, 21, 28.

## II. LEGAL STANDARD

### A. Motion to Dismiss

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a Rule 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Most succinctly stated, a pleading must set forth allegations that have "factual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 21-661 JVS (DFMx)                    Date   October 26, 2020

Title      Alec Glasser v. John B. Berzner

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Id. (quoting Twombly, 550 U.S. at 555). "In keeping with these principles[,] a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679.

Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

**B. Anti-SLAPP Motions**

Courts use a two-step burden-shifting approach when reviewing anti-SLAPP motions. First, the defendant must show that the activity challenged by the plaintiff was "taken in furtherance of the defendant's right of petition or free speech under the United States or California Constitution in connection with a public issue." Cal. Code Civ. Proc. § 425.16(b)(1). The legislature specified four types of protected activity. See 425.16(e). Courts look to these statutory definitions to determine whether the anti-SLAPP statute applies. Indus. Waste & Debris Box Serv., Inc. v. Murphy, 4 Cal. App. 5th 1135, 1147 (2016).

Second, if the defendant meets its initial burden, the plaintiff must show that it has "a reasonable probability that the plaintiff will prevail on his or her . . . claim." In re NCAA Student-Athlete Name & Likeness Licensing Litig., 724 F.3d 1268, 1273 (9th Cir. 2013) (internal quotation marks omitted). At this second step, the plaintiff must show that "the complaint is legally sufficient and supported by a prima facie showing of facts to sustain a favorable judgment if [any admissible] evidence submitted by plaintiff is credited." Id. "This burden is much like that used in determining a motion for nonsuit or directed verdict, which mandates dismissal when no reasonable jury could find for the plaintiff." Metabolife, 264 F.3d at 840 (internal quotation marks omitted). "Thus, a defendant's anti-SLAPP motion should be granted when a plaintiff presents an insufficient legal basis for the claims or when no evidence of sufficient substantiality

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 21-661 JVS (DFMx)          Date   October 26, 2020

Title     Alec Glasser v. John B. Berzner

exists to support a judgment for the plaintiff." Id. (internal quotation marks omitted).

Where an anti-SLAPP motion is brought on the grounds that the plaintiff's claim is legally deficient, the Court should adjudicate the motion under the standards for a Rule 12(b)(6) motion to dismiss. See Lauter v. Anoufrieva, 642 F. Supp. 2d 1060, 1109 (C.D. Cal. 2009); In re Bah, 321 B.R. 41, 45 n.6 (B.A.P. 9th Cir. 2005). "In other words, the court must read the complaint broadly, take all well-pleaded allegations as true, and dismiss with leave to amend." In re Bah, 321 B.R. at 45 n.6.

"In any action subject to subdivision (b) [of California's Anti-SLAPP statute], a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." Cal. Civ. Proc. Code § 425.16(c).

## III. DISCUSSION

### A. Anti-SLAPP Motion Analyzed as a Rule 12(b)(6) Motion

Berzner moves to strike Glasser's lawsuit in its entirety under California's anti-SLAPP laws. Mot., Dkt. No. 10 at 9. He argues that each of the three claims, for libel, intentional interference with prospective advantage, and negligent interference with prospective advantage, "arise from" the Yelp review, which is privileged as protected speech under Code of Civ. Proc. § 425.16. Id. Specifically, he claims that the Yelp review is a public issue, which falls under § 425.16(e)(3) and is subject to a special motion to strike. Mot., Dkt. No. 10 at 10.

Plaintiffs reply that the gravamen of Berzner's anti-SLAPP motion challenges only the legal sufficiency of the pleadings for all three causes of action. Accordingly, a Rule 12(b)(6) analysis should be applied. Opp'n., Dkt. No. 11 at 6. The Court agrees. Specifically, the Court finds that the following arguments are actually arguments about the merits of the case more appropriate at the summary judgment stage: (1) that Berzner's statements in the review are opinion and therefore not libelous (Mot., Dkt. No. 10 at 15); (2) that the Yelp review is an opinion that therefore cannot serve as the independently wrongful act legally required for an intentional or negligent interference with prospective advantage cause of action (Id.); and (3) that The Drake cannot show that Berzner owed it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 21-661 JVS (DFMx)                    Date   October 26, 2020

Title   Alec Glasser v. John B. Berzner

a legal duty that was breached (Id.).  Because it is well-settled that where an anti-SLAPP motion is brought on the grounds that the plaintiff's claim is legally deficient, the Court should adjudicate the motion under the standard for a

Rule 12(b)(6) motion to dismiss, the Court will analyze Berzner's anti-SLAPP motion under the standard set out by Fed. R. Civ. P. 12(b)(6). See Lauter v. Anoufrieva, 642 F. Supp. 2d at 1109.

### 1. Libel Claim

Libel is the false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation to the eye, which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation. Cal. Civ. Code §§ 45-47. An essential element of libel is that the publication must contain a false statement of fact. Balla v. Hall, 59 Cal.App.5th 652, 677 (2021). The Balla court described the analysis:

> "The pertinent question is whether a reasonable fact finder could conclude that the statements as a whole, or any of its parts, directly made or sufficiently implied a false assertion of defamatory fact that tended to injure plaintiff's reputation. We apply a 'totality of the circumstances' test to determine whether a statement is fact or opinion, and whether a statement declares or implies a provably false factual assertion; that is, courts look to the words of the statement itself and the context in which the statement was made. Under this test [f]irst, the language of the statement is examined. For words to be defamatory, they must be understood in a defamatory sense…Next, the context in which the statement was made must be considered…whether challenged statements convey the requisite factual imputation is ordinarily a question of law for the court."

Balla v. Hall, 59 Cal.App 5th 652, 678 (2021).

The Court agrees with Berzner that some of the statements in his Yelp review are statements of opinion, not objectively verifiable fact. For example, the statement about food quality ("food was ok") or musician talent ("singer was straight out of the wedding

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 21-661 JVS (DFMx)                    Date   October 26, 2020

Title     Alec Glasser v. John B. Berzner

& Bar Mitzvah scene") represent a subjective opinion that the average reader would understand to be based upon personal preferences. See Partington v. Bugliosi, 56 F.3d 1147, 1160 (1995) (concluding that the critique in a personal account of another attorney's litigation strategy would be recognizable as the subjective opinion of the author as a participant).

However, accepting the truth of the complaint that Glasser never walked around the restaurant in view of Berzner, then the statement "the owner […] was strutting like a pompous jerk" can be proved false. If it can be proved false, then a statement is not protected as opinion. Ferlauto v. Hamsher, 74 Cal. App. 4th 1394, 1401 (1999). Although much of Berzner's review represents opinion, the statements taken together imply that facts exist (for example, they imply that Berzner actually saw Glasser walking around the restaurant). "The critical determination of whether an allegedly defamatory statement constitutes fact or opinion is a question of law for the court and therefore suitable for resolution by dismissal. If the court concludes the statement could reasonably be construed as either fact or opinion, the issue should be resolved by a jury." Good Government Group of Seal Beach, Inc. v. Superior Court, 22 Cal. App. 3d 672, 680 (1978). The Court finds that Berzner's review contains some statements of opinion and others that are at least based in verifiable fact.

Berzner relies on Phantom Touring, Inc. v. Affiliated Publications, to argue that the Yelp review makes use of rhetorical language that is clearly opinion. Mot. Dkt. No. 17 (citing Phantom Touring, Inc. v. Affiliated Publications, 953 F.2d 724, 730 (1st Cir. 1992)). Specifically, he argues that statements such as, "great concept, but poorly executed," "food was okay but way overpriced," and "the singer was straight out of the wedding and Bar Mitzvah scene" are like those the defendant in Phantom made that the court deemed to be statements of opinion. Id.. The Court disagrees with Berzner's application of Phantom. In Phantom, the First Circuit held that statements like, "bears as much resemblance to its celebrated counterpart as Jell-O does to Baked Alaska" and "rip-off, a fraud, a scandal, a snake-oil job" were protected because the language was hyperbolic, figurative, and there was no imaginable objective evidence that could disprove it. Phantom, 953 F.2d at 730. Comparing Jell-O to Baked Alaska is much more obviously playful and hyperbolic than a statement about the price of food. Moreover, an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 21-661 JVS (DFMx)                    Date   October 26, 2020

Title        Alec Glasser v. John B. Berzner

objective comparison of the price of food to that of similar restaurants could be made, which was not the case regarding the statements at issue in Phantom.

Berzner also argues the Yelp review forum is comparable to the column format in the Phantom case. Mot. Dkt. No. 17. However, the Phantom court emphasized that the most important factor in the determination was that enough background information was provided to allow the reader to come to a different conclusion than the defendant did. Phantom, 953 F.2d at 730. Moreover, the defendant even presented contrasting views to his own, which underscored the subjective nature of the column. Id. In contrast, Berzner's Yelp review is a short paragraph of 52 words, not a full-length column. Mot. Dkt. No. 10. Moreover, it does not present readers with a contrasting viewpoint and it does not give enough details for the reader to come to his or her own conclusions. As such, the Court finds that Berzner's reliance on Phantom is misplaced.

Accordingly, the Court declines to grant the motion on the grounds that the statements in the review are all opinion because there are objectively verifiable or falsifiable facts that can reasonably serve as the basis for Glasser's libel cause of action.

### 2. Intentional and Negligent Interference with Prospective Economic Advantage Claims

In order to plead a claim for intentional interference with prospective economic advantage, a plaintiff must allege (1) an economic relationship between it and a third party that carries a probability of future economic benefit to the plaintiff; (2) defendant's knowledge of the relationship; (3) intentionally wrongful acts by the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the defendant's acts. Korea Supply Co. v. Lockheed Martin Corp., 29 Cal.4th 1134, 1153–1154, (2003). The defendant's acts must, be "independently wrongful, apart from the interference itself." Della Penna v. Toyota Motor Sales, U.S.A., Inc. 11 Cal.4th 376, 393 (1995).

A claim for negligent interference with prospective economic advantage shares many of the same elements, but the two claims differ in regard to the defendant's intent. Crown Imports, LLC. V. Superior Court, Cal. App. 4th 1395, 1404, fn. 10 (2014). It requires: (1) the existence of an economic relationship between the plaintiff and a third

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 21-661 JVS (DFMx)              Date    October 26, 2020

Title       Alec Glasser v. John B. Berzner

party containing the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) the defendant's knowledge (actual or construed) that the relationship would be disrupted if the defendant failed to act with reasonable care; (4) the defendant's failure to act with reasonable care [in breach of a duty]; (5) actual disruption of the relationship; and (6) economic harm proximately caused by the defendant's negligence. <u>Redfearn</u> v. <u>Trader Joe's Co.</u>, 20 Cal. App. 5th 989, 1005 (2018).

*I. Independently Wrongful Act*

First, Berzner argues that as nothing more than an opinion, the Yelp review cannot satisfy the independently wrongful act requirement. Mot., Dkt. No. 10, at 18. This assumes that the Court will strike down the libel claim. However, the Court finds that Plaintiffs have stated sufficient facts to plead a claim for libel. <u>See</u> supra. Since libel is proscribed by California Civil Code, section 45, it is independently wrongful. <u>CRST Van Expedited, Inc.</u> v. <u>Werner Enterprises, Inc.</u>, 479 F.3d. 1007, 1099 (9th Cir. 2007). Taking as true the allegations that Berzner's statements in the Yelp Review constituted defamation, Berzner committed a qualifying, independently wrongful act. <u>See Redfearn</u> v. <u>Trader Joe's Co.</u>, 20 Cal. App. 5th at 1005 (concluding that defamation satisfied the independently wrongful act element of Plaintiff's interference with prospective economic advantage claim). Accordingly, the Court finds that this element is satisfied for the purposes of a 12(b)(6) motion.

*ii. Loss of Existing Customer Relationships*

Berzner next argues that Plaintiffs failed to allege that an existing customer relationship was severed because of the Yelp review. Mot., Dkt. No. 10, at 15. Moreover, Berzner argues that even if Plaintiffs do allege loss of business, they do not plead that Berzner knew of and intended to halt customers from patronizing The Drake. <u>Id.</u> Berzner relies on <u>Roth</u> v. <u>Rhodes,</u> which sustained a motion for judgement on the pleadings because the plaintiff was unable to allege any specific current patient relationships that were affected by the defendants' interference. Reply., Dkt. No. 14 at 9 (quoting <u>Roth</u> v. <u>Rhodes</u> 25 Cal. App. 4th 530, 546 (1994)). In that case, the doctor's claim arose because he had not been allowed to establish his medical practice in a particular building. <u>Id.</u> Since the practice did not exist yet, all patients were necessarily speculative. <u>Id.</u> The Court therefore ruled against the Plaintiff because he could not lose

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 21-661 JVS (DFMx)                    Date    October 26, 2020

Title    Alec Glasser v. John B. Berzner

customer relationships if they did not exist yet. Id. Here, by contrast, The Drake was established and in operation. The Court accordingly accepts Plaintiffs' argument that it is plausible they may have lost the business of patrons who read the negative review.

Berzner's assertion that The Drake must allege that Berzner acted with the specific intent to disrupt an existing relationship is not supported by case law. In Korea Supply Co. v. Lockheed Martin Corp., the Supreme Court of California held that "it is sufficient for the plaintiff to plead that the defendant '[knew] that the interference is certain or substantially certain to occur as a result of his action'." Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1156–57 (2003) (quoting Rest.2d Torts, § 766B, com. d, p. 22.) Thus, the Court finds that Berzner's knowledge of The Drake's probable economic relationship with would-be patrons who read Yelp reviews and his allegedly wrongful act of publishing Defamatory statements on Yelp with full knowledge of the probable consequences is satisfactory at this stage.

### iii. Intentional Interference with Prospective Economic Advantage

No other issues are disputed. Plaintiffs' cause of action for the intentional interference with prospective advantage is sufficiently plead because Glasser alleges that Berzner published a defamatory Yelp review, an independently wrongful act, with knowledge that would-be patrons could read the review and not patronize the restaurant. "In considering a 12(b)(6) motion, we do not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." Nami v. Fauver, 82 F.3d 63, 65 (3rd Cir. 1996). Thus, the Court denies the motion to dismiss on this ground.

### iv. Negligent Interference with Prospective Economic Advantage

The only other disputed issue in the negligent interference with prospective economic advantage claim is whether Berzner owed a legal duty to Plaintiffs. Berzner argues that no legal duty exists "in California or any other jurisdiction to not criticize or opine displeasure about a restaurant's design, attitude of owner, menu pricing and quality of entertainment." Mot., Dkt. No. 10, at 19.

"The question of 'duty' is decided by the court, not the jury. (See 4 Witkin, Summary of Cal.Law (8th ed. 1974) Torts, § 493, p. 2756 and cases cited; Prosser & Keeton on Torts (5th ed. 1984) p. 236). "Duty is not an immutable fact of nature, but only

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-661 JVS (DFMx) | Date | October 26, 2020 |
|---|---|---|---|

| Title | Alec Glasser v. John B. Berzner |
|---|---|

an expression of the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection." Dillon v. Legg, 68 Cal.2d 728, 734 (1968) [quoting Prosser, Law of Torts (3d ed. 1964) at 332–333].) In California, the general rule is that all persons have a duty "to use ordinary care to prevent others being injured as the result of their conduct." Rowland v. Christian, 69 Cal. 2d 108, 112 (1968). To make this determination Courts consider the foreseeability and certainty of the harm to the plaintiff, the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, the policy of preventing future harm, the extent of the burden to the defendant and community of imposing a duty, and the availability, cost, and prevalence of insurance for the risk involved. Id. Importantly, while the formulation of the standard of care is a question of law for the court, if reasonable minds might differ as to whether the defendant has conformed to that standard, the issue should be left to the jury. Restatement (Second) of Torts § 328C (1965).

The third element of a negligent interference with prospective economic advantage claim requires that the defendant have knowledge (actual or construed) that his failure to act with **reasonable care** would disrupt the plaintiff's relationship with a third party. Redfearn, 20 Cal. App. 5th at 1005 (2018) (emphasis added). Thus, all parties have a duty to act with "reasonable care" Id.  Since reasonable minds might reach differing conclusions as to whether Berzner's conduct falls below "[t]hat degree of care which a person of ordinary prudence would exercise in the same or similar circumstances," the Court concludes that this should be left to the jury to decide. Weaver v. Chavez, 133 Cal.App.4th1350, 1355 (2005). Reasonable minds may differ as to whether Berzner's conduct falls below that degree of care that an ordinary person would show in the circumstance. Thus, Plaintiffs have sufficiently plead facts for the legal duty element for a negligent interference with prospective economic advantage claim.

Accordingly, the Court DENIES the motion to dismiss. The Court has reviewed Berzner's request for oral argument regarding the Court's tentative order on this motion to dismiss. See Request, Dkt. No. 17. The Court finds that oral argument will not be helpful in this matter.  Fed. R. Civ. P. 78; L-R 7–15.  As such, the Court denies Berzner's request for oral argument.

## IV. CONCLUSION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 21-661 JVS (DFMx)                    Date   October 26, 2020

Title   Alec Glasser v. John B. Berzner

For the foregoing reasons, the Court **DENIES** the motion.

IT IS SO ORDERED.