# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| ALEC GLASSER et al., <br><br> Plaintiffs, <br><br> v. <br><br> JOHN B. BERZNER, <br><br> Defendant. | No. SA CV 21-00661-DFM <br><br> CASE MANAGEMENT AND SCHEDULING ORDER |

## I. SCHEDULING

**A.** **Deadline for Adding Parties or Amend the Pleadings**

The last day to file a motion to join other parties or to amend the pleadings is specified in the attached Case Schedule (the "Schedule"). All unserved parties shall be dismissed no later than the date set for the Final Pretrial Conference.

**B.** **Motions for Summary Judgment or Partial Summary Judgment**

Motions for Summary Judgment or Partial Summary Judgment shall be filed no later than the last day for filing motions, as set forth in the Schedule.

**C.** **Fact Discovery Cut-Off**

The Schedule establishes a cut-off date for fact discovery in this action. This is the date by which all discovery is to be completed. The Court will not

approve stipulations between counsel that permit responses to be served after the cut-off date unless the parties show good cause.

All depositions shall be scheduled to commence at least five (5) working days prior to the discovery cut-off date. All interrogatories must be served at least forty-five (45) days prior to the discovery cut-off date. All requests for production and requests for admission shall be served at least forty-five (45) days prior to the discovery cutoff date.

Any motion respecting the inadequacy of responses to discovery must be filed and served not later than ten (10) days after the discovery cut-off date. Whenever possible, the Court expects counsel to resolve discovery problems among themselves in a courteous, reasonable, and professional manner.

**D.    Expert Discovery Cut-Off**

The Schedule establishes a cut-off date for expert discovery in this action.

## II.    FINAL PRETRIAL CONFERENCE

This case has been placed on calendar for a Final Pretrial Conference pursuant to Fed. R. Civ. P. 16. Strict compliance with the requirements of the Federal Rules of Civil Procedure and the Local Rules is mandatory. Counsel will lodge carefully prepared Memoranda of Contentions of Fact and Law (which may also serve as the trial briefs) and a (Proposed) Final Pretrial Conference Order no later than the date set forth in the Schedule, and in accordance with the provisions of Local Rules 16-4 and 16-7. The form of the (Proposed) Final Pretrial Conference Order will be in conformity with the form set forth in Appendix A to the Local Rules.

## III.    TRIAL PREPARATION

**A.    Motions in Limine**

Daubert motions shall be filed no later than seven (7) days after the expert discovery cut-off date. They are to be noticed for the first available

motions hearing date when filed. Motions in limine other than <u>Daubert</u> motions are to be set for hearing at the Final Pretrial Conference. The purpose of these motions is to alert the Court to significant evidentiary issues that can be addressed and resolved prior to trial. Each motion should be separately filed and numbered. Each side may file five (5) motions in limine, not including <u>Daubert</u> motions or motions which seek evidentiary sanctions under Fed. R. Civ. P. 37(c)(1).

**B.    <u>Motions Made and Granted</u>**

The Court deems the following motions to have been made and granted: exclusion of evidence of settlement talks; offers of compromise and similar evidence excludable under F.R.E. 408 without an offer of proof first made outside the presence of the jury; exclusion of expert opinions not disclosed under Fed. R. Civ. P. 26(a)(2) or otherwise subjected to examination at the expert's deposition.

**C.    <u>Statement of the Case (Jury Trials)</u>**

Counsel will prepare a joint statement of the case which may be read by the Court to the prospective panel of jurors prior to the commencement of voir dire. The statement should not be more than two or three paragraphs. The statement will be filed with the Court five (5) court days before the Final Pretrial Conference.

**D.    <u>Voir Dire (Jury Trials)</u>**

At least five (5) court days before the Final Pretrial Conference, each counsel shall file with the Court any special questions requested to be put to prospective jurors on voir dire.

**E.    <u>Jury Instructions and Verdict Form(s)</u>**

In a jury trial, jury instructions and special verdict form(s) are to be filed no later than five (5) days prior to the Final Pretrial Conference. The parties are to meet and confer sufficiently in advance of the required filing deadline to

prepare the joint jury instructions. The instructions should be submitted in the order in which the parties wish to have the instructions read.

1. If an instruction is agreed and joint, it shall be so labeled.
2. If the parties submit alternatives instructions on a topic, they shall be labeled A, B, C etc. (e.g., Party A's Proposed Instruction No. 2A). Immediately behind the instruction, the party shall provide a statement of law in support of its version and any legal objection to the other party's proposal.
3. If only one party submits an instruction on a topic, the party shall provide immediately behind the instruction a statement of law in support of its instruction. If there is any opposition, it shall appear immediately behind the proponent's statement.
4. The parties shall submit a Microsoft Word version of the packet to the DFM_Chambers@cacd.uscourts.gov e-mail box. The Court will entertain such additional instructions as may be warranted by the evidence offered at trial.
5. If a proposed instruction is a modification of a pattern instruction, such as a Ninth Circuit Model Instruction or a CACI instruction, the proponent shall also include in the packet a version showing all deletions and additions to the pattern instruction, using bolding, italic, strike outs or similar means.
6. The parties need not submit preliminary instruction to be given at the outset of trial, but they may submit additional instructions or revisions of the Court's standard initial instructions.

F. **Trial Exhibits**

1. **Joint Exhibit List.** A joint exhibit list shall be prepared in compliance with Local Rule 16-6.1. The joint exhibit list shall contain the information required by Fed. R. Civ. P. 26(a)(3)(A).

The joint exhibit list will be filed no later than five (5) court days prior to the Final Pretrial Conference, and the parties are to meet and confer sufficiently in advance of the required filing deadline to prepare the joint exhibit list. As part of the meet and confer process, counsel will stipulate so far as is possible as to foundation, waiver of the best evidence rule, and to those exhibits which may be received into evidence at the start of trial. The exhibits to be so received will be noted on the extra copies of the exhibit lists.

2. **Exhibit Preparation.**
   a. All exhibits will be placed in 3-ring loose-leaf binders with divider tabs containing exhibit numbers. The exhibits are to be numbered in accordance with Local Rule 26-3. The face and spine of the notebooks are to be marked with the case name and number, the numbers of the exhibits contained therein, and the volume number. The parties are to provide a set of binders with the original exhibits. The parties shall also provide two additional sets of binders containing copies of the original exhibits. All three sets must be provided to the Courtroom Deputy Clerk on the first day of trial.
   b. The original set must be prepared and organized as follows: The original exhibits shall have the appropriate exhibit tag affixed to the lower right-hand corner of the first page of each original exhibit. Exhibits consisting of more than one page shall be internally paginated in the lower right-hand corner, displaying both the exhibit number and the page number. The original exhibits shall be separated by tabs that indicate their exhibit numbers. The two sets of copies must also be separated by tabs that indicate their exhibit numbers.

### G. <u>Witness List</u>

The witness list will be filed no later than five (5) court days prior to the Final Pretrial Conference. Counsel are to submit the names of the witnesses in the order that they are expected to testify, and provide, to the extent possible, an accurate estimate of the time needed for each witness for direct, cross, redirect and re−cross. Counsel will also provide a brief summary of each witness' testimony. If more than one witness is offered on the same subject, the summary should be sufficiently detailed to allow the Court to determine if the testimony is cumulative. A joint witness list will be prepared in compliance with Local Rule 16-5.

### H. <u>Findings of Fact and Conclusions of Law (Court Trials)</u>

Notwithstanding Local Rule 52, for any matter requiring findings of fact and conclusions of law, unless otherwise expressly ordered by the Court, counsel will be required to file (Proposed) Findings of Fact and Conclusions of Law after the conclusion of the trial. The proposed Findings of Fact must include citations to admitted evidence. Where witness trial testimony is necessary to establish a given fact, the party must obtain a transcript of the proceedings and file relevant excerpts of those transcripts with the (Proposed) Findings of Fact and Conclusions of Law. In addition to filing, counsel must email Microsoft Word versions of their (Proposed) Findings of Fact and Conclusions of Law to the chambers email address.

### IV. ATTORNEY AND PARTY CONDUCT AT TRIAL

### A. <u>Trial Schedule</u>

Unless otherwise ordered, the trial day will be 9:00 a.m. to noon and 1:30 p.m. to 4:30 p.m. with a 15-minute break during each session. At the end of each day, counsel presenting his or her case shall advise opposing counsel of the witnesses anticipated the following day with an estimate of the length of direct examination.  Opposing counsel shall provide an estimate of the length

of cross–examination.  Cooperation of counsel will ensure a smooth flow of witnesses.

**B.** **Objections**

Counsel must not use objections for the purpose of making a speech, recapitulating testimony, or attempting to guide the witness. When objecting, counsel must rise to state the objection and state only that counsel objects and the legal ground of objection.  If counsel wishes to argue an objection further, counsel must ask for permission to do so; the Court may or may not grant a request for conference at sidebar. The Court strongly discourages sidebars because they represent an inefficient use of jury time when matters can be anticipated.

**C.** **Decorum**

1. Counsel must not approach the Clerk or the witness box without specific permission.  When permission is given, please return to the lectern when the purpose of the permission is finished. Counsel must not engage in questioning a witness at the witness stand.
2. Please rise when addressing the Court and rise when the jury enters or leaves the courtroom.
3. Counsel must address all remarks to the Court.  Counsel are not to address the Clerk, the Court Reporter, persons in the audience, or opposing counsel.  If counsel wishes to speak with opposing counsel, counsel must ask permission to talk off the record.  Any request for the re-reading of questions or answers shall be addressed to the Court.
4. Counsel must not make an offer of stipulation unless counsel has conferred with opposing counsel and has reason to believe the stipulation will be acceptable.

    5.    While Court is in session, counsel must not leave counsel table to confer with any personnel or witnesses in the back of the courtroom unless permission has been granted in advance.

    6.    Where a party has more than one lawyer, only one may conduct the direct or cross-examination of a given witness.

**D.**    <u>**Promptness**</u>

The Court will make every effort to commence proceedings at the time set. Promptness is expected from counsel and witnesses. It is counsel's duty of the first day of trial to advise the Court on the first day of any commitments that may result in counsel's absence or late arrival. If a witness is on the stand when a recess is taken, it is counsel's duty to have the witness back on the stand, ready to proceed, when the court session resumes. If a witness was on the stand at adjournment, it is counsel's duty to have the witness adjacent to, but not on, the stand, ready to proceed when the court session resumes. Counsel are expected to notify the Courtroom Deputy Clerk if any accommodations are needed.

**E.**    <u>**Exhibits**</u>

    1.    Each counsel should keep counsel's own list of exhibits and should keep track when each has been admitted in evidence.

    2.    Each counsel is responsible for any exhibits that counsel secures from the Clerk and, during all recesses and noontime and afternoon adjournments, counsel must return all exhibits in counsel's possession to the Clerk.

    3.    An exhibit not previously marked should, at the time of its first mention, be accompanied by a request that the Clerk mark it for identification. To save time, counsel must show a new exhibit to opposing counsel before it is mentioned in Court.

    4.    Whenever in counsel's opinion a particular exhibit is admissible, it

      should be offered unless tactical considerations dictate otherwise. The motion to admit will be dealt with at the next available recess if there is objection. No exhibit shall be read or displayed to the jury until admitted.

5. When referring to an exhibit, counsel should refer to its exhibit number whenever possible. Witnesses should be instructed to do the same.

6. The Court resists taking time to pass an exhibit among the jury for viewing when it is admitted. A request to do so should be made to the Court in a recess period preceding introduction of the exhibit.

7. If counsel wishes to question a witness in connection with graphic aids, the material must be fully prepared before the court session starts.

**F.** **Depositions**

1. All depositions that will be used in the trial, either as evidence or for impeachment, must be signed and lodged with the Courtroom Deputy on the first day of trial or such earlier date as the Court may order. For any deposition in which counsel is interested, counsel should check with the clerk to confirm that the clerk has the transcript and that the transcript is properly signed.

2. In using depositions of an adverse party for impeachment, counsel shall first announce the page and line reference of the passage desired to be read, and allow opposing counsel an opportunity to state any objection. Counsel shall use either of the following procedures:

    a. If counsel wishes to read the questions and answers as alleged impeachment and ask the witness no further questions on that subject, counsel may merely read the relevant portions of the

        deposition into the record.

    b. If counsel wishes to ask the witness further questions on the subject matter, the deposition is placed in front of the witness and the witness is told to read silently the pages and lines involved. Then counsel may either ask the witness further questions on the matter and thereafter read the quotations or read the quotations and thereafter ask further questions. Counsel should have an extra copy of the deposition for this purpose.

3.    Where a witness is absent and the witness' testimony is offered by deposition, please observe the following procedure. A reader should occupy the witness chair and read the testimony of the witness while the examining lawyer asks the questions.

G. **Advance Notice of Evidentiary or Difficult Questions**

If counsel has reason to anticipate that a difficult question of law or evidence will raise legal argument, requiring research and/or briefing, counsel must give the Court advance notice. Counsel are directed to notify the Clerk at the day's adjournment if an unexpected legal issue arises that could not have been foreseen and addressed by a motion in limine (see Fed. R. Evid. 103). To the maximum extent possible such matters shall be taken outside normal jury hours (e.g., recess, before or after the trial day).

IT IS SO ORDERED.

Date: June 29, 2021

DOUGLAS F. McCORMICK
United States Magistrate Judge

# CASE SCHEDULE[1]

| | |
|---|---|
| Last Day to File a Motion to Add Parties or Amend Pleadings | October 25, 2021 |
| Last Day to Conduct Settlement/Meditation Proceedings | February 25, 2022 |
| Last Day to File Notice of Settlement / Joint Report re Settlement | March 4, 2022 |
| Fact Discovery Cut-off | March 7, 2022 |
| Last Day to Serve Initial Expert Reports | March 14, 2022 |
| Last Day to Serve Rebuttal Expert Reports | March 28, 2022 |
| Expert Discovery Cut-off | April 4, 2022 |
| Last Day to File Motions (excluding Motions in Limine) | April 4, 2022 |
| Last Day to File Motions in Limine and Memoranda of Contentions of Fact and Law | May 9, 2022 |
| Last Day to File Oppositions to Motions in Limine and Joint Proposed Final Pretrial Conference Order | May 30, 2022 |
| Final Pretrial Conference (10:00 a.m.) | June 6, 2022 |
| Trial (9:00 a.m.) | June 21, 2022 |

---

[1] The Court largely adopted the deadlines set forth in Judge Selna's Scheduling Order. See Dkt. 20.