# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| ALEC GLASSER et al., <br><br> Plaintiffs, <br><br> v. <br><br> JOHN B. BERZNER, <br><br> Defendant. | No. SA CV 21-00661-DFM <br><br> Order re: Defendant's Motion in Limine (Dkt. 41) |

## I. BACKGROUND

This is a libel and tortious interference action that was removed to this Court from the Orange County Superior Court. See Dkt. 1. It arises from Defendant's negative Yelp review of Plaintiffs' supper club in Laguna Beach. Before the Court is a motion in limine filed by Defendant Berzner. See Dkt. 41 ("Motion"). Plaintiffs have filed an opposition, see Dkt. 42 ("Opp'n"), and Defendant a reply, see Dkt. 52.

## II. DISCUSSION

The Motion seeks to exclude "any and all evidence, references to evidence, testimony, or argument relating to Defendant's experiences at The Jonathan Club and The Grand Havana Room." Motion at 1. He contends that this evidence is "irrelevant, constitutes improper character evidence, and will create a substantial danger of undue prejudice" to him. Id. at 2.

Plaintiffs argue that the evidence is relevant to Defendant's mental state when he wrote the negative Yelp review. See Opp'n at 3. They argue that if Defendant wrote it with the mental state of malice, Plaintiff Glasser may collect punitive damages. See id. Therefore, they argue that the evidence is admissible to show Defendant's "deeply ingrained habit of acting with boorish impunity at nice dining clubs and then lashing out maliciously at anyone who tries to reel him in." Id. at 2; see also id. at 4-6.

"Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). More specifically, evidence of "any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, "[e]vidence of a person's habit . . . may be admitted to prove that on a particular occasion the person . . . acted in accordance with the habit." Fed. R. Evid. 406. To decide whether certain conduct constitutes habit, courts are guided by "three factors: (1) the degree to which the conduct is reflexive or semi-automatic as opposed to volitional; (2) the specificity or particularity of the conduct; and (3) the regularity or numerosity of the examples of the conduct." United States v. Angwin, 271 F.3d 786, 799 (9th Cir. 2001), overruled on other grounds, United States v. Lopez, 484 F.3d 1186 (9th Cir. 2007).

The Court will exclude the contested evidence as improper character evidence. Plaintiffs' argument that it is admissible habit evidence is unpersuasive. According to Plaintiffs' summary, it covers five occasions over at least 6 years in which Defendant made inappropriate or rude comments toward staff when the food or service at an upscale club did not meet his standards. See Opp'n at 5-6. The Court analyzes the conduct apparent from this evidence with reference to the three factors enumerated in Angwin.

First, in each of the five occasions, Defendant's conduct can only fairly be characterized as volitional: (1) Defendant made a racist comment when a table was unavailable; (2) Defendant expressed anger when asked to pay a corkage fee; (3) Defendant complained about the temperature of his espresso by making a sexual comment in earshot of a female server; (4) Defendant was uncivil to a staff member who Defendant asked to dim the lights; and (5) Defendant harassed staff members after being asked to leave because he took wine without paying for it. See Opp'n at 5-6. To deny that this kind of conduct is volitional would be to deny the existence of volition. Second, the conduct described by this body of evidence is general, not specific. To the extent that the five occasions can be grouped into a coherent whole, what connects them is Defendant's general boorishness, not that they all exemplify a repeated specific reaction to a repeated specific situation. Third, examples of the conduct are not regular or numerous; if one counts the occasion giving rise to this action, they have occurred at a rate of only once per year. The Court will exclude the evidence as improper character evidence. Accordingly, Defendant's Motion is GRANTED.[1]

IT IS SO ORDERED.

Date: June 6, 2022

DOUGLAS F. McCORMICK
United States Magistrate Judge

---

[1] The Court expresses no opinion on whether the contested evidence—in whole or in part—is relevant under Federal Rule of Evidence 401 or whether its probative value may be substantially outweighed by a danger of unfair prejudice. The resolution of those issues, if necessary, will be aided by the development of testimony at trial.